### JOHN SAWYERS v. THE STATE.

No. 1546. Decided June 24, 1898.

**Forgery—Indictment—Purport and Tenor—Variance.**

The indictment for forgery, in the purport clause, set out the four names to the instrument separately, and in' the tenor clause the first two names signed to the instrument were connected together with the character "&." Held, that there being no allegation that the persons constituted a firm, and the signature as set out in the tenor clause being applicable to both a firm or to individuals, this did not constitute a variance, especially where the purport clause appeared to charge that the signature was that of individuals.

APPEAL from the District Court of Lampasas. Tried below before Hon. JOHN M. FURMAN.

Appeal from a conviction for forgery; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*Mathews & Browning,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

An objection was made to the first count in the indictment, which is the one on which appellant was convicted, on the ground that there was a variance between the purport and tenor clauses of the indictment. The

charging part of said count is as follows: That defendant "did unlaw-fully, willfully, and fraudulently make a false instrument in writing, purporting to be the act of others, to wit, purporting to be the act of S. D. Carter, L. R. Gooch, E. O. Peck, and Ben Beach, and which said in-strument is now in the possession of the said John Sawyers, and which said instrument purported to be a promissory note, and is in substance as follows, to wit: '$145.00.  Evant, Texas, Jany. 2, 1897.  On Novem-ber 1st, 1897, we promise to pay to the order of James Windingham one hundred and forty-five dollars, payable at Evant, Texas, with ten per cent. interest from date.  S. D. Carter & L. R. Gooch.  E. O. Peck.  Ben Beach,'—and which said instrument the said John Sawyers did then and there unlawfully indorse upon the back thereof as follows, to wit: 'James Windingham,' " etc.  The contention is that the instrument as set out shows that between the two first names of the signature, to wit, "S. D. Carter," "L. R. Gooch," was the character "&," and that this does not occur in the purport clause, but the word "and" occurs between the last two names of the signature; it being insisted that the names of the parties as signed to the instrument set out in the indictment would indi-cate a firm, whereas the purport clause of the indictment would merely suggest the signatures of said parties as individuals.  We would observe that it is nowhere alleged in the indictment that said persons consti-tuted a firm.  The signature to the instrument as set out in the tenor clause might be applicable to a firm, or it might be the act of individuals merely.  In other words, it is susceptible of being the signature of either individuals or of the members of a firm.  The purport clause would seem to explain this ambiguity, and to charge that it was signed by the individuals named.  We hold that there is no variance between the pur-port and the tenor clauses of said indictment, and that the error as-signed by appellant is not well taken.  There is no bill of exceptions in the record, and the only error that requires notice is as to the validity of the indictment before discussed.  We have examined the record care-fully, and, in our opinion, the evidence sustains the finding of the jury, and the judgment is affirmed.

*Affirmed.*